IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MARK ANTHONY ALLEN, ) | |
| ) | |
| Plaintiff, ) | No. 1:13-cv-00024 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| BEVERLY WHITE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM

Plaintiff, Mark Anthony Allen, a state detainee at the Giles County Jail in Pulaski, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 (Docket Entry No. 1). Plaintiff also filed his application to proceed *in forma pauperis* (Docket Entry No. 2). Upon review, Plaintiff's application to proceed as a pauper is signed and notarized by a jail official verifying that Plaintiff lacks funds in jail account. Plaintiff's submission establishes his financial inability to pay the full $350.00 filing fee in advance and the application should be granted.

The Court must conduct an initial review pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Plaintiff's complaint must be dismissed if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

1

The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff only alleges that Defendant, Beverly White, his probation officer since 1997 "discriminated" against him. Plaintiff alleges that he immediately noticed "her discrimination toward [him]" in 1997. (Docket Entry No. 1, at 5.) Defendant White became a public defender in Giles County in 2009, and was appointed to represent Plaintiff in a General Sessions Court action. Defendant White, however, declined the appointment citing a conflict of interest. Plaintiff asserts this declination proves her bias. Id.

In 2010, as an assistant district attorney in the "child support office" Defendant White prosecuted Plaintiff, presumably for failure to pay child support.

In 2011, White became Giles County District Attorney and Plaintiff's current claim alleges the following:

> [In] 2011 [White] stood up and interrupted the case I was having that didn't involve her. My lawyer Marilyn Holt had made a deal with Lawrence Nickels[.] She Beverly White started bashing me verbally in the court[.] My lawyer objected and Judge Damron and his court sec[re]tary Marsha Wallace just looked. Even then she [k]new I was accepting probation, county so she went to the probation officer and whispered in her ear. This hurt me mentally and then in court she called the child support office in Lawrence County Mark Green and his assistant and informed them I was in Giles County Jail and what for which Lawrence County already knew. This is obvious that she Beverly White is discriminating against me. I was violated on probation in 2012 and 3 more people was violated as well[.] Mine was a tech, the other 2 people . . . had other charges[.] My 1st violation she gave me 45 days! [The other two people got 30 days for a 1st violation and 60 days for a 2nd violation.] Beverly White is discriminating

against me has vi[o]lated me mentally and has affected me. This is clearly discrimination and shouldn't be allowed.

(Docket Entry No. 1, Complaint at 5.)

The Court concludes that Plaintiff's allegations fail to state a claim against White under 42 U.S.C. § 1983 because Plaintiff's claims against White for acts between 1997 and 2011, are time barred by Tenn. Code Ann. § 28-3-104(a)(3), the one-year statute of limitations, applicable to Section 1983 actions. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The only act about Plaintiff complains within the year prior to his filing this action is his sentence to 45 days for a probation violation in 2012. Yet, Plaintiff does not allege that White was responsible for that sentence. Assuming White was the prosecuting attorney on Plaintiff's probation-violation charge, White is entitled to absolute immunity in that role. *Imbler v. Pachtman*, 424 U.S. 409, 431, 427 (1976).

For these reasons, the Court concludes that Plaintiff's complaint fails to state a colorable claim against White under 42 U.S.C. § 1983.

An appropriate Order is filed herewith.

ENTERED this the  18th  day of April, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court